IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA CARDENAS o/b/o E.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO. 20-4375 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                       October 20, 2021

Norma Cardenas filed a Complaint on behalf of her minor daughter, E.C. ("Plaintiff"), seeking judicial review of the Commissioner's decision denying her Supplemental Security Income ("SSI") benefits. Doc. 1. In response to Plaintiff's Brief and Statement of Issues on Review, Doc. 16, Defendant filed an uncontested motion for remand. Doc. 19. For the following reasons, I will grant the Defendant's motion and remand this matter for further proceedings.

In a determination made on May 8, 2007, Plaintiff, who was born on April 20, 2004, was found disabled beginning on November 1, 2006, based on autistic disorders and other pervasive developmental disorders. Tr. at 275, 295. In a notice dated July 20, 2016, the Commissioner advised Ms. Cardenas that Plaintiff no longer qualified for SSI as of June 2016, because "[t]he medical evidence shows that her health has improved"

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

and "[s]he no longer meets the disability requirements." Id. at 295.² On reconsideration on June 12, 2018, a disability hearing officer found that Plaintiff's disability ceased as of June 1, 2018, rather than June 2016. Id. at 310. In response to Ms. Cardenas's request for an administrative hearing, id. at 320, an administrative law judge ("ALJ") held a hearing on April 30, 2019, at which Ms. Cardenas appeared without a representative and without her daughter (Plaintiff). Id. at 242-64.

In a decision dated August 26, 2019, tr. at 212, the ALJ determined that: (1) at the time she was originally found disabled, Plaintiff suffered from: autism spectrum disorder, receptive and expressive language disorders, and asthma, and met Listing 112.10, id. at 216, (2) since July 1, 2016, the impairments from which Plaintiff suffered at the time she was found disabled have not met or medically equaled Listing 112.10, id. at 217, (3) since June 1, 2018, the impairments from which Plaintiff suffered at the time she was found disabled have not functionally equaled the Listings, id., (4) since June 1, 2018, Plaintiff has suffered from the following severe impairments: autism spectrum disorder, attention-deficit/hyperactivity disorder, specific learning disability in math, and asthma, id. at 218, (5) since June 1, 2018, Plaintiff has not had an impairment or combination of impairments that meets or medically equals one of the Listings, id., (6) since June 1, 2018, Plaintiff has not had an impairment or combination of impairments that functionally equals the Listings, id. at 219, (7) since June 1, 2018, Plaintiff has had less than marked limitation in all of the domains of functioning

---

²The Cessation or Continuance of Disability form indicates that Plaintiff's disability ceased on June 16, 2016. Tr. at 289.

(acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being), id. at 225-28, and (8) Plaintiff's disability ended as of June 1, 2018. Id. at 229.  On July 20, 2020, the Appeals Council denied Ms. Cardenas's request for review, id. at 1-4, making the August 26, 2019 decision of the ALJ final.  20 C.F.R. § 416.1472.

Ms. Cardenas commenced this action on September 5, 2020.  Docs. 1 & 2.  In her brief, she argues that the ALJ erred by:  (1) conducting the administrative hearing without the 15-year old child being present and failing to obtain a proper waiver of representation, and (2) failing to rule on a request for a continuance, provide a proper proffer notice of post-hearing evidence, and make clear to Plaintiff's mother the time limits involved in obtaining and submitting new evidence.  Doc. 16 at 4.[3]  In response, the Commissioner has asked the court to remand the case because "the Commissioner has determined that further evaluation of [Plaintiff's] claim is warranted," and, on remand, "the Commissioner, through the Appeals Council, will refer [the] case to an [ALJ] to further evaluate [Plaintiff's] claims, offer [Plaintiff] the opportunity for a new hearing, and issue a new decision."  Doc. 19 ¶¶ 2-3.

---

[3]In her brief, Ms. Cardenas also challenges the appointment of the Commissioner of Social Security relying on Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S.Ct. 2183 (2020), which found a constitutional defect in the Consumer Financial Protection Bureau statute.  Doc. 16 at 19-20.  Because I will grant the Commissioner's uncontested motion to remand, I do not find it necessary to address this claim at this time.

The Commissioner's request for remand addresses the concerns raised in Plaintiff's brief.  Specifically, the Commissioner has sought remand to further evaluate Plaintiff's claim and offered Ms. Cardenas a new hearing at which she could have legal representation and her daughter could be present and provide testimony.  Therefore, I will grant the Defendant's uncontested motion for remand.  An appropriate Order and Judgment Order follow.